## (December 18, 1956)

SELMA BRANDWEIN et al., Appellants, *v.* CROYDON FURNITURE, INC., Respondent.

*Per Curiam.* This is an appeal from an order denying plaintiffs' motion for summary judgment. The action is for a declaratory judgment with concomitant injunctive relief, brought by the owners of a loft building against a tenant who operates a furniture salesroom in the premises involved, as a statutory tenant under an expired lease. The plaintiffs seek to restrain the tenant from using the elevator, at its own expense, after 6:00 P.M. on weekdays and 1:00 P.M. on Saturdays. The expired lease (Standard form of Loft Lease, The Real Estate Board of New York, Inc.) contains the following printed clause: "As long as Tenant is not in default * * * Landlord shall * * * provide: (a) at Landlord's expense run elevators on business days from 8 a.m. to 6 p.m. except on Saturdays when the hours shall be from 8 a.m. to 1 p.m.". It is not disputed that for some time the tenant has been paying an operator to run the elevator after the hours specified in the lease, for the convenience of its customers. The answer alleges that *subsequent* to the execution of the lease, the tenant made an agreement with the landlords' predecessor in title authorizing the elevator use. The plaintiffs contend that such an oral agreement is violative of the parol evidence rule and of other provisions of the lease prohibiting oral waiver or modification thereof. *Fogelson* v. *Rackfay Constr. Co.* (300 N. Y. 334) is cited as authority for the landlord's contention that the oral agreement is unenforcible. We conclude that the cited case is

inapplicable since there the oral agreements were made, if at all, at the time the leases were executed and would necessarily have been an integral part of the leases. In the case at bar there is no express provision in the lease forbidding the tenant's use of the elevator. It is not necessary, therefore, to read into the landlords' agreement to furnish elevator service at its own expense, a prohibition against the use of those facilities by the tenant at other hours. A supplemental oral agreement, if established, would therefore not be a modification or variation of the terms of the lease.

In view of the defenses pleaded, a trial is required to develop the facts. The order should be affirmed.

Botein, J. P., Frank, Valente and Bergan, JJ., concur in *Per Curiam* opinion; Rabin, J., concurs in result.

Order affirmed, with $20 costs and disbursements to the respondent.